## Illinois Central Railroad Company v. Robison's Administrator.

(Decided March 17, 1925.)

### Appeal from Ballard Circuit Court.

1. Railroads—Under Illinois Law, Trespasser May Not Recover, Unless Trainmen Failed to Exercise Reasonable Care After Discovering Peril.—Under Illinois law, trespasser on railroad tracks can-not recover, unless railroad employe, after discovering peril, failed to exercise ordinary care to avoid injury.

2. Railroads—Evidence of Negligence as to Trespasser Held Insufficient.—Evidence of trainmen's failure to exercise care to avoid injuring deceased, a trespasser, after discovering her peril, held insufficient to sustain recovery for her wrongful death.

TRABUE, DOOLAN, HELM & HELM, JOHN E. KANE and WILLIAM T. WHITE for appellant.

HENRY F. TURNER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

A young lady named Brintha Robison, a resident of Ballard county, Kentucky, was instantly killed by a fast train on the tracks of the appellant railway company

in Illinois, in May, 1922, and this suit by her administrator against the railway company in the Ballard circuit court was instituted to recover damages for her wrongful death.    The law of the state of Illinois governing such actions was pleaded and relied upon both by the administrator and the railway company.    A verdict for $1,000.00 was returned in favor of the administrator, on which judgment was entered, and it is from that judgment that this appeal is prosecuted.

Appellant railway company insists that it was not liable in any event for the death of Miss Robison and that the trial court erred in overruling its motion for a directed verdict in its favor.    It also insists that as Miss Robinson had no lineal descendants and no father or mother and her collateral kindred were not dependent upon her for support or even contribution to their support, only nominal damages could be recovered for her death under the laws of the state of Illinois.    The instructions of the lower court authorized a recovery of compensatory damages for the destruction of the power of Miss Robison to earn money, and this appellant urges was prejudicial error.

Miss Robison and three other women were working as strawberry pickers in Illinois at the time of the accident to and death of Miss Robison.    They were walking along the tracks of the railroad company at a place where there was no highway or passway used by the public, and were, therefore, trespassers.    The tracks of the railroad at that point ran almost north and south.    Miss Robison was walking south on the northbound track.    She was between the rails.    A freight train traveling south was passing and her attention was directed to it.    While her face was turned towards the freight train on the southbound track and her eyes fixed upon that train, a fast fruit-bearing train going north came around the curve a thousand or more feet south of her and before she realized its approach, struck and instantly killed her. The noise of the passing freight train prevented her hearing the approach of the northbound train.

It is conceded by appellee, although no brief is filed for the administrator, that a recovery for a wrongful death, as in this case, cannot be had under the laws of the state of Illinois where the decedent was a trespasser on the tracks, unless the employes of the railroad company in charge of the train actually discovered the peril of deceased in time to have avoided injury to her and

failed to exercise ordinary care to avoid striking and injuring her. Nice v. C. & A. Ry. Co., 255 Ill. 595; Ill. Central R. R. Co. v. O'Conner, 189 Ill. 595; Ill. Central R. R. Co. v. Eicher, 202 Ill. 556.

The companions of Miss Robison, who were in about fifteen or twenty feet of her at the time she was struck and killed by the train, testify in substance that they saw the train coming about 900 feet south and that at that time Miss Robison was behind them, walking south but that her face was towards the passing freight train which was making a loud noise; that Miss Robison did not appear to be conscious of the approach of the fast northbound train although her companions testified they called to her and attempted to attract her attention; that when they saw she was in danger they started to her rescue but before they could reach her she was struck and killed. The train which struck her ran by the place of the accident for some distance, but just how far is not definitely fixed by the evidence of the witnesses except the trainmen. The engineer, fireman and conductor in charge of the train that struck Miss Robison all testified for the railroad company, in substance, that the brakes were applied and the engine reversed soon after the train came around the curve and the engineer could see, for the first time, Miss Robison and her companions on the track; that alarm signals were given, and everything was done that could have been done to stop the train; that a train running at the rate of 50 or 55 miles per hour, as was this train, on a track located as was the track at that point, with slight up grade, with seven (7) loaded cars attached, could not be stopped under 1,500 or 2,000 feet, with the use of all appliances, when in good order and working perfectly; that the train was only 800 to 1,000 feet from decedent at the time her peril was discovered, and that it took only a very short time for the train to move over the intervening space to the place of the accident, traveling at the rate it was going, and that the train was stopped as soon as it could have been with safety, to the train and those in charge of it, although it ran several hundred feet beyond the place where Miss Robison was struck, and that the only way to have prevented the accident after the peril of Miss Robison was discovered was by her moving off the track. The train operatives also testified that the brakes and appliances for stopping the train were in good condition and that the stop was made as good as could have been made with

a train of like weight and momentum upon that track under the best circumstances and conditions. There was no evidence, so far as we are able to discern, to show the train operatives did not exercise reasonable care to prevent injuring the decedent after her peril was discovered. The administrator was not, therefore, entitled under the facts of this case to a recovery of damages under the law of Illinois as pleaded and proved in the record.

This makes it unnecessary for the court to consider the other grounds urged for a reversal of the judgment.

If, upon another trial, the evidence is in substance the same as upon the last trial, the court will sustain the motion of the railroad company for a directed verdict in its favor.

Judgment reversed for proceedings consistent herewith.